UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   6/7/2024

LUIS TORO, Individually and on Behalf of All
Others Similarly Situated,

                              Plaintiff,

              -against-

FRAME MY TV.COM, LLC,

                              Defendant.

23-CV-04863 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

On May 23, 2024, the Court ordered that Defendant and Defendant's counsel shall pay the reasonable expenses, including attorney's fees, incurred by Plaintiff as a result of Defendant's failure to comply with the Court's order of April 18, 2024. *See* Dkt. No. 29. On May 31, 2024, Plaintiff filed an affidavit and supporting itemized list of costs and expenses attributable to Defendant's non-compliance with the Court's April 18 Order. *See* Dkt. No. 30.

For the reasons stated herein, Plaintiff's proposed fee calculation is approved, and the Defendant is hereby ORDERED to remit the sum of $900 to Plaintiff to compensate Plaintiff's counsel for the reasonable efforts expended to complete discovery in this action, and as sanction for Defendant's failure to comply with its discovery obligations and the Court's prior orders.

## BACKGROUND

On November 9, 2023, Judge Torres issued a Civil Case Management Plan and Scheduling Order, which set the close of fact discovery for March 8, 2024. Dkt. No. 15.

On January 8, 2024, Plaintiff served certain interrogatories and document requests on Defendant (the "January 8 Discovery Requests"). *See* Dkt. No. 22 at 1. On March 27, 2024, Plaintiff filed a letter, which stated that Defendant had failed to respond to the January 8 Discovery Requests, other than a belated response to Plaintiff's request for admissions and entirely untimely initial disclosures; no responsive documents were produced. *See* Dkt. No. 22 at 1.

On April 17, 2024, the parties appeared for a conference at which the Court asked counsel for Defendant about the failure to respond to the January 8 Discovery Requests. Counsel for Defendant readily admitted that there was no good excuse for failing to respond but represented that he believed that settlement would be viable if Defendant was given more time to produce material responsive to the January 8 Discovery Requests. Accordingly, the Court ordered Defendant to produce any and all materials responsive to the January 8 Discovery Requests no later than May 8, 2024. Dkt. No. 26.

On May 15, 2024, Plaintiff filed a letter notifying the Court that Defendant still had not produced any responsive material and requesting that the Court preclude Defendant from offering any evidence in opposition to summary judgment or at a trial, as well as any other relief the Court finds just and proper.  Dkt. No. 27.  On May 21, 2024, the Court granted Defendant leave to respond to Plaintiff's letter no later than May 22, 2024, but indicated that Plaintiff's request would be treated as unopposed should Defendant fail to file such a letter response.  Dkt. No. 28.  To date, Defendant has not responded to Plaintiff's May 21 letter.

On May 23, 2024, the Court ordered that Defendant is precluded from offering any fact evidence that would have been responsive to the January 8 Discovery Requests, whether in connection with any expert reports or other expert disclosures, in opposition to any summary judgment motion filed by Plaintiff, or at trial.  *See* Dkt. No. 29.  Further, the Court ordered Defendant and Defendant's counsel to pay the reasonable expenses, including attorney's fees, incurred by Plaintiff as a result of Defendant's failure to respond to the January 8 Discovery Requests.  *See id.*  The Court further directed Plaintiff to file an affidavit and supporting materials, including an itemized list of costs and expenses, that he believes were incurred by Defendant's failure to respond to the January 8 Discovery Requests.  *See id.*  On May 31, 2024, Plaintiff filed such an affidavit, as well as an itemized statement of fees and costs.  *See* Dkt. No. 30.

## DISCUSSION

If a party "fails to obey an order to provide or permit discovery," Fed. R. Civ. P. 37(b)(2)(A), "the court *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make the award of expenses unjust."  Fed. R. Civ. P. 37(b)(2)(C) (emphasis added).  The Court has already decided that sanctions are warranted in this case given Defendant's failure to comply with the Court's April 18 Order, and that Defendant is not substantially justified in its refusal to produce the requested materials, based on Defendant's ready admission at the April 17 conference that there was no good excuse for failing to respond to the January 8 Discovery Requests, as well as Defendant's failure to respond to Plaintiff's May 21 letter.  The only remaining issue is whether Plaintiff's requested fees are reasonable.

To calculate a reasonable determination of attorneys' fees, a court should first calculate the "lodestar—the product of a reasonably hourly rate and the reasonable number of hours required by the case," which the Second Circuit calls the "presumptively reasonable fee."  *Millea v. Metro–N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2007)).  This calculation "boils down to what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively."  *Konits v. Karahalis*, 409 Fed. Appx. 418, 422 (2d Cir. 2011) (quoting *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009)).  Accordingly, the district court should "assess case-specific considerations at the outset, factoring them into its determination of a reasonable hourly rate for the attorneys' work," which is then multiplied by a reasonable number of hours expended to reach the presumptively reasonable fee.  *McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 420 (2d Cir.

2

2010).  These case-specific considerations include, "among others, the *Johnson* factors."  *Arbor Hill*, 522 F.3d at 186 n.3; *see also Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974) (enumerating factors for consideration in awarding attorneys' fees), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 92–93 (1989).

The *Johnson* factors are as follows: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases."  *Arbor Hill*, 522 F.3d at 186 n.3.  In considering these case-specific factors, the district court should attempt to approximate "the market rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998).  A court may reduce requested fees if the attorneys' documentation of their hours is vague, or if their requests reflect work that could or should have been completed by a paralegal or secretary.  *See Truong v. N.Y. Hotel & Motel Trades Council*, 07-cv-11383, 2011 WL 147689, at *2 (S.D.N.Y. Jan. 12, 2011).

"[T]he prevailing rate in the Southern District [of New York] for ADA cases is around $400."  *See Winegard v. Crain Commn's, Inc.*, No. 20-cv-01509 (AJN), 2021 WL 11989860, at *4 (S.D.N.Y. Mar. 30, 2021).  Plaintiff's counsel's hourly rate of $450, while slightly higher than average, is within the range of reasonableness for work of this type, and the Court finds the estimation of time expended as a result of Defendant's noncompliance in the Statement of Fees & Costs to be conservative, producing a presumptively reasonable total cost of $900 on attorney's fees.

## CONCLUSION

Accordingly, Plaintiff's proposed fee calculation is approved, and the Defendant is hereby ORDERED to remit the sum of $900 to Plaintiff to compensate Plaintiff's counsel for the reasonable efforts expended to complete discovery in this action, and as sanction for Defendant's failure to comply with its discovery obligations and the Court's prior orders.

Dated: June 7, 2024
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge

3